## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| David P. Coury, | : | Case No. 4:06CV1914 |
| Plaintiff | : | Judge Donald C. Nugent |
| v. | : | Magistrate Judge David S. Perelman |
| Alberto Gonzales, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants | : | |

      This petition in habeas corpus brought under 28 U.S.C. §2241 presented a challenge to a policy of the Bureau of Prisons (BOP) as to the timing of transfer of federal prisoners to a Community Custody Center (CCC) to serve the last six months of a sentence. Therein petitioner alleged that although his eligibility date for transfer should have been set as August 21, 2006 he had been advised that he was not eligible for CCC placement until December 27, 2006, and sought an order that he be granted a transfer to CCC placement before that date.

      Respondents moved to dismiss the petition, asserting that the authorities relied upon by petitioner pertained to an outdated policy and that the BOP policy in place since February 14, 2005 was lawful, and that pursuant thereto petitioner's projected release date to CCC placement was proper. Petitioner's response in opposition was not filed until late November, and this Court withheld action on the motion to permit respondents the opportunity to file a reply. That time period extended into early December.

      By then it was evident that by the time this Court was to prepare and file a Report and

Recommended Decision pursuant to the Order of Reference of this action and the time for filing objections thereto elapsed December 27th would be passed, mooting the relief sought by petitioner. This being so, once that date had arrived this Court asked the Assistant United States Attorney to ascertain whether the petitioner had been released from confinement at the Elkton institution

As a consequence of that inquiry a "Status Report" has been filed, which requests that "the Court dismiss this action as moot based on the attached affidavit." The referenced attachment is a Declaration by a representative of the BOP stating, in pertinent part "Petitioner was released frm FCI Elkton to home confinement on December 27, 2006, and is residing at his mother's residence in Centerville, Pennsyvlania, rather than being housed in an RRC (Residential Re-entry Center)."

Noting that the Certificate of Service of respondents' submission reflected that it had been sent to petitioner at the Elkton institution, where he was no longer confined, and believing that he should have prompt notice of the filing this Court took the initiative to ascertain a correct mailing address by placing as call to the individual at the BOP Northeast Regional Office who had signed the Declaration. In response thereto this Court was advised by another BOP employee that it appears that the petitioner is at a half-way house, Renewal Inc., 336 Boulevard of the Allies, Pittsburgh, PA 15222, and is scheduled for release from that facility on February 16, 2007 to go to his mother's residence at 17961 Erie St., Centerville, PA 16404.[1]

Not knowing whether the Declaration or the telephone call accurately reflects where petitioner is, this Court is forwarding a copy of the Status Report and this ruling to him at both of the possible locations. While this Court believes that respondents' contention that the action is moot is correct, this Court will grant petitioner leave until February 5, 2007 to file a response speaking

---

[1] The inconsistency between this information and the statement in the Declaration "given under penalty of perjury pursuant to 28 U.S.C. §1746" is very troubling to this Court.

to that question. If nothing is received by that date this Court will submit a recommendation to District Judge Nugent that the petition be dismissed as moot.

**IT IS SO ORDERED**

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: January 19, 2007