IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID P. COURY, | ) CASE NO. 4:06 CV 1914 |
| Petitioner, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| ALBERTO GONZALEZ, et al., | ) Magistrate Judge David S. Perelman |
| Defendant. | ) <u>MEMORANDUM OPINION</u> |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David S. Perelman (Docket #15) recommending that the Court dismiss the Petition in this action as moot.

## Procedural History

Plaintiff filed his Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus on August 10, 2006 (Docket #1). Petitioner challenges the policy of the Bureau of Prisons as to the timing of transfer of federal prisoners to a Community Custody Center to serve the last six months of a sentence. Petitioner alleged that his eligibility date for transfer should have been set for August 21, 2006 but was advised that he was not eligible for CCC placement until December 27, 2006. Petitioner sought an order that he be granted transfer to CCC placement before that date.

On November 14, 2006, Respondents moved to dismiss the Petition, asserting that the authorities relied upon by Petitioner pertained to an outdated policy; that the BOP policy in place since February 14, 2005 was lawful; and, that Petitioner's projected release date to CCC

placement was proper (Docket #11). On November 22, 2006, Petitioner filed his Response to Respondents' Motion to Dismiss (Docket #12). The Magistrate Judge withheld ruling on the Motion to Dismiss to allow time for a reply by Respondents. As noted by the Magistrate Judge, that time period extended into early December. The Magistrate Judge recognized that a reply, preparation and issuance of a Report and Recommendation, and time for objections and response would extend past December 27, 2006. Therefore, once December 27, 2006 arrived, the Magistrate Judge requested that the Assistant United State Attorney to ascertain whether the Petitioner had been released from confinement at the Elkton institution.

On January 18, 2007, Respondents filed a Status Report (Docket #13), providing evidence that Petitioner was released from the Elkton institution to home confinement on December 27, 2006, and residing at his mother's residence in Centerville, Pennsylvania, rather than in a Residential Re-entry Center. On that basis, Respondents requested that the Court dismiss this action as moot. The Magistrate Judge attempted to ascertain Petitioner's correct mailing address though a call to the BOP Northeast Regional Office, and was advised the Petitioner is residing at a half-way house, Renewal Inc., 336 Boulevard of the Allies, Pittsburg, Pa, and is scheduled for release from that facility on February 16, 2007 to go to his mother's residence.

The Magistrate Judge forwarded copies of the Status Report, and the Magistrate Judge's Memorandum Opinion and Order issued in response thereto (Docket #14), to both of the possible locations where Plaintiff was residing. The Magistrate Judge stated in a Memorandum Opinion and Order that although he agreed with Respondents' contention that the action is moot, Petitioner would be granted leave until February 5, 2007 to file a response. On February 6,

2007, with no response filed by Petitioner, the Magistrate Judge issued his Report and Recommendation, recommending that the Petition in this Action be dismissed as moot (Docket #15).

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Petitioner has not filed any objections to the Report and Recommendation.

Notwithstanding the foregoing. the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

## Conclusion

The Court has reviewed the Report and Recommendation *de novo* and finds it to be well-reasoned and correct. The Court agrees with. and adopts. the findings and conclusions of Magistrate Judge Perelman as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Perelman (Document #15) in its entirety. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 28 U.S.C. § 2241 (Docket #1) is DISMISSED as it is moot.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 22, 2007